# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN CRISTO-MUNOZ, JR., | : |
| Petitioner | : CIVIL ACTION NO. 3:23-1149 |
| v. | : (Judge Mannion) |
| PATRICIA THOMPSON, | : |
| Respondent | : |

## MEMORANDUM

### I. Background

Petitioner, Juan Cristo-Munoz, an inmate confined at the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his 2018 conviction and sentence imposed by the Court of Common Pleas of Lancaster County. (Doc. 1.) For the reasons outlined below, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

### II. Discussion

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770,

776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Title 28 U.S.C. §2241 (d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had. The Petitioner is attacking a conviction and sentence imposed by the Court of Common Pleas for Lancaster County, Pennsylvania. Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District.

## III. **Conclusion**

For the reasons set forth, the above captioned petition for a writ of habeas corpus will be transferred to the United States District Court for the Eastern District of Pennsylvania.

A separate Order will be issued.

*MALACHY E. MANNION*
**United States District Judge**

**DATE: July /2, 2023**
23-1149-01